MONACO, J.
The appellant, Jason Hogan, appeals his judgment and sentence arising out of his conviction of two counts of sexual battery, and one count of battery. He contends that the trial court erred in not allowing him to ask the victim certain questions concerning whether she had previously been the victim of sexual battery. He also argues that he was prejudiced as a result of alleged “improper discussions” by the jury prior to actual deliberations. We affirm.
We turn first to Mr. Hogan’s contention that he should have been allowed to cross-examine the victim regarding whether she had been the victim of prior sexual violence. Assuming the court’s decision to prohibit the testimony was properly preserved for appeal, we see no error in the prohibition of the questioning, particularly in view of the facts that the alleged prior attacks were not the subject of discovery by either the state or the defense; there was no testimony, expert or otherwise, that made the victim’s history relevant; and there was, therefore, no showing in camera that the evidence tended to establish a pattern of conduct or behavior of the victim so that it was relevant to the issue of consent. See § 794.022(2), Fla. Stat. (2003). Compare Minus v. State, 901 So.2d 344 (Fla. 4th DCA 2005).
As to the alleged juror misconduct, we again find no error. See Reaves v. State, 826 So.2d 932 (Fla.2002); Johnson v. State, 804 So.2d 1218 (Fla.2001); Johnson v. State, 696 So.2d 317 (Fla.1997).
AFFIRMED.
SHARP, W. and PETERSON, JJ., concur.